**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| LISA M.F. KIM, Individually and<br>as Parent and Next Friend of J.K., a minor<br>8504 Pamela Way<br>Laurel, MD, 20723<br>Howard County<br><br>    and<br><br>WILLIAM F. HOLLAND<br>3833 Dahlgren Court<br>Ellicott City, MD  21042<br>Howard County<br><br>and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF HOWARD COUNTY<br>10910 Clarksville Pike<br>Ellicott City, MD  21042<br>Howard County<br><br>    Defendant. | \*<br>\*<br>\*<br><br>\*    Case No. _____<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiffs Lisa Kim, individually and as Parent and Next Friend of J.K., her minor son; and William F. Holland, individually, through their attorneys, submit their Complaint for Declaratory and Other Relief against Defendant Board of Education of Howard County ("Board"), state as follows:

## INTRODUCTION

1.     Defendant Howard County Board of Education ("Board") is operating a system of election and governance that violates the Fourteenth Amendment and First Amendment by allowing children attending only public schools, but not religious schools, to vote for public officials; allocating political power improperly to minors; and diluting and causing a malapportionment of political power.  Namely, the Board operates the Howard County Public School System ("HCPSS"), responsible for educating nearly 60,000 students in 77 schools and overseeing combined annual operating and capital budgets of nearly $1 billion in taxpayer funds. Howard County's eligible adult voters elect seven of the Board's members, but they get no say whatsoever on an eighth member elected by students attending public schools.  This eighth Board member nonetheless can vote on most issues of critical public importance. This eighth Board member is a high-school student nominated in an opaque process tightly controlled by school-district administrators and secondary-school principals, then elected by children as young as 11 in a process more closely resembling that of filling a homecoming court or student council. In that fashion, minor schoolchildren who are flatly ineligible to vote for elected officials for government bodies by Maryland's Constitution nonetheless elect a voting member of the Board. And they do so under the close oversight, involvement and control of school-district administrators and employees who are directly impacted by the Board's actions. Except for several areas delimited by statute, the "Student Member" enjoys the same voting power as the seven board members elected by the Howard County electorate, and indeed has exercised that power in a way to be the deciding vote on matters of public importance.

2.     Plaintiffs and all those similarly situated, voters residing in Howard County who do not attend the Howard County Public School System, and those who for religious purposes

attend private school or homeschool in grades 6 to 12, bring this action asking this Court to declare the Maryland statutory framework authorizing the "Student Member" of the Board as unconstitutional in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and the First Amendment's Free Exercise Clause.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the United States Constitution and 42 U.S.C. § 1983.

4.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

5.      Plaintiff Kim is an adult resident of Howard County, Maryland, and a registered voter and taxpayer of Howard County. She sues as an individual and as Next Friend of J.K., her minor son, a 6th-grade student at a Catholic middle school in Howard County who is not entitled to vote for any student member of the Board because he attends a religious school.

6.      Plaintiff Holland is an adult resident of Howard County, Maryland, and a registered voter and taxpayer of Howard County, and the parent of two HCPSS students.

7.      Defendant Board is the body established under the laws of Maryland to govern and administer the public schools in Howard County.  Md. Code Ann., Educ. §§ 3-102, 3-103, 3-104.

## GENERAL ALLEGATIONS

8.      Defendant Board consists of seven adult elected Members and one Student Member. Md. Code Ann., Educ. §§ 3-701(a)(1).

9.      Five of the adult Members are elected by Howard County's eligible registered voters from each of the County's five councilmanic districts.  The other two adult Members are elected at large, by eligible registered voters of the entire County. Md. Code Ann., Educ. §§ 3-701(a)(2).

10.     The seven adult Members each must be a resident and registered voter of Howard County, and if any of them moves out of Howard County, he or she may not continue as a Board Member. Md. Code Ann., Educ. §§ 3-701(b).

11.     Md. Code Ann., Educ. § 3-701(c) & (d) sets the length of the adult Members' terms, the staggering of same, and the filling of any vacancy created among the adult Members.

12.     The Student Member of the Board "shall be a bona fide resident of Howard County and a regularly enrolled junior or senior year student from a Howard County public high school." Md. Code Ann., Educ. §§ 3-701(f). The Student Member serves a one-year term from July 1 to the following June 30.

13.     Howard County residents who are rising juniors or seniors at religious or Catholic high schools, private non-religious high schools, or are home-schooled, are not eligible to be selected as the Student Member.

14.     The Student Member is selected pursuant to a nomination and election process approved by Defendant Board and overseen and controlled by the Superintendent and various administrators and other full-time public employees of Defendant Board. Md. Code Ann., Educ. §§ 3-701(f)(3)(i); see also **Exhibit A**, HCPSS Policy 2010 – Student Representation ("Policy 2010"); **Exhibit B**, HCPSS Policy 2010-IP ("Implementation Procedures").

15.     In contrast to the seven adult elected Members, who are nominated and elected by the registered voters of Howard County pursuant to the detailed framework established by the

4

Maryland Constitution and the Maryland Code, the process for nominating and conducting the election of the Student Member lies entirely within the discretion of the Board, managed by Board employees and may be changed at any time. **Exhibits A & B**.

16.     The nomination and selection process for the Student Member at all stages relies heavily on input, oversight and direction from various full-time government employees and administrators, including a) the "HCASC Advisor," an adult employed by the Board to advise the Howard County Association of Student Councils; b) the principal of each of the 12 high schools and 20 middle schools; c) a counselor or advisor from each high school and middle school; and d) the HCPSS Superintendent.

17.     There is no legal requirement that any of the Board employees or administrators with the power to conduct the nomination and election of the Student Member be a resident or registered voter of Howard County.

18.     HCPSS students interested in becoming the Student Member initiate the process by completing and submitting an application form (along with a parent letter), which is initially reviewed by the HCASC Advisor.

19.     The pool of applicants is narrowed at a Student Convention to two candidates, and one alternate candidate. Delegates to the Student Convention are selected by a five-person committee at each high school and middle school consisting of the school principal, three students the principal handpicks, and an adult student-council advisor or counselor.

20.     After the field is narrowed to two candidates, their campaign materials are distributed to high-school and middle-school principals and student-council advisors, who retain them and make arrangements for eligible student voters to view them. The Superintendent retains

ultimate authority for approving both the guidelines for campaign materials, and any additional election rules as necessary.

21.     Howard County residents enrolled as students in HCPSS grades 6 through 11 are eligible to vote for the Student Member. Howard County residents enrolled in grades 6 through 11 at a Catholic, religious or other private school, or being home-schooled, are not eligible to vote for the Student Member.

22.     Plaintiff Kim's minor son J.K. attends 6th grade at a Catholic school in Howard County, but because it is a Catholic school, J.K. is ineligible to participate as a Student Delegate at the Student Convention that narrows the field to two candidates for Student Member, or to vote on the Student Member in the election.

23.     The Student Member is voted on through a ballot at each government run HCPSS high school and middle school by April 30.

24.     The Superintendent or his designee has two months in which to certify the winner to Defendant Board, and the Student Member takes office for a one-year term at the Board's first meeting in July.

25.     While the Student Member is in office, various adult Board employees retain authority over him or her, including approval for absence from school for Board obligation. The Superintendent or his designee also is to "provide assistance, support, and guidance to the Student Member of the Board of Education to enable the Student member of the Board of Education to carry out duties and responsibilities in accordance with this policy." **Exhibit A**, § 5-A. The student member is elected without regard to district residence and represents the Howard County Public School student population at-large. The seven other Board candidates must be at

least 18 years of age and residents of Howard County and a resident of the district in which they seek a district seat.

26.    Article I section I of the Maryland Constitution requires that to be eligible to vote in Maryland elections, a voter must be at least 18 years of age, a U.S. citizen and a resident of the State of Maryland. Md. Const. art. I, § 1

27.    Eligible Howard County voters may vote for three members of the Board, two members at large and one member within their respective district.

28.    Adult registered voters who are not students in Howard County Public Schools are not permitted to vote for the Student Member of the Board of Education.

29.    Howard County's five councilmanic single-member districts were last apportioned in 2011, utilizing U.S. Census total population data, which includes an accounting of all residents without regard to age or school attendance.  HCPSS students were already included within the population utilized by the County to apportion the five single-member districts and in determining total population in the County. As a result, all HCPSS students are constituents of and already represented by the two at large board members and a single-district board member where they live.

30.    According to the 2010 United States Census, Howard County has approximately 287,075 residents. *See* http://censusviewer.com/county/MD/Howard. HCPSS has a student population of approximately 58,868 students representing approximately 20% of the total population in Howard County. *See* https://www.hcpss.org/about-us/facts/.

31.    Each of the two at-large members of the Board represent approximately 287,075 residents of Howard County. Each of the single-member district members represent approximately 60,000 residents. See **Exhibit C**. The Student Member represents the HCPSS

student population at-large with a population at 58,868 students. *See*

https://www.hcpss.org/about-us/facts/.

## CLASS ACTION ALLEGATIONS

32.     Plaintiffs also seek to represent a class, pursuant to Federal Rule of Civil

Procedure 23(b)(2), of all registered voters in Howard County and those who are eligible to

attend grades 6 to 12 in Howard County but instead attend religious schools or are

homeschooled, in some part, for religious purposes. As a consequence of Defendants' actions,

members of this class are unable to vote in the election of the Student Member on the Howard

County Board of Education.

33.     The class is sufficiently numerous and diffuse that joinder of all members is

impracticable. There are questions of law common to the class, such as, whether the policy of

precluding those who do not attend grades 6 to 12 in Howard County Public Schools from voting

for the Student Member is legal.

34.     Plaintiffs' claims are typical of those of the class they seek to represent, and they

are adequately representative of that class.

35.     Defendants have acted and/or threaten to act on grounds generally applicable to

the class thereby making appropriate final injunctive or corresponding declaratory relief.

## COUNT I

### Fourteenth Amendment Equal Protection Violations

36.     Plaintiffs reallege the preceding paragraphs as if fully stated herein.

37.     The notion that one group can be granted greater voting strength than another is

hostile to standards for representative government under the Fourteenth Amendment of the

United States Constitution. Inherent in the Equal Protection guarantees in voting under the

Fourteenth Amendment is the requirement that all citizens' votes be weighted equally. As such, no area within a jurisdiction can have their votes weighted more than another. No citizen may have more representation than similarly situated citizens. The fundamental principle of representative government in this country is one of equal representation for equal numbers of people, without regard to any classifications or status as a student attending HCPSS.

### Eighteen-year-olds in HCPSS Enjoy *Four* Board Members, Other Adults Have Only *Three*

38.     Adult Howard County voters who are otherwise eligible to vote but are not HCPSS students may not vote for the Student Member of the Board. The Student Member is not elected from a residency district. By limiting the voters eligible to vote for the Student Member to HCPSS students in grades 6 to 11, the Defendant has created a preferred class of voters who are afforded greater representation on the Board.

39.     Representative government as determined by the Constitution of the United States, ensures equal representation to all residents who reside within a geographic electoral jurisdiction. The Fourteenth Amendment requires that similarly-situated adult voters enjoy equal representation in legislative bodies, including in school boards. This forms the basis for the use of U.S Census total population data in the apportionment process.

40.     Board members elected from the 5 Councilmanic districts and those at-large represent every resident within the geographical area from which they are elected. Howard County residents are also represented by the Board members elected at-large. Each of the five single district Members represents each resident within their district.

41.     The jurisdiction from which the Student Member is elected is limited to students of HCPSS, without regard to district residence, hence at-large. By excluding non-HCPSS residents, it limits the Student Member representation exclusively to HCPSS students, as no one

else "resides" within the delineated area. This results in HCPSS students enjoying unequal representation from four members of the eight-member Board. Each student derives representation from two at-large members, an individual district member and the exclusive Student Member. However, Howard County residents who are not HCPSS students are limited to representation from just three members, the two at-large members and a residency district member. This is true even when the student member who enjoys representation from four Board members lives next door to an adult in the very same district who is only represented by three Board members. This unequal representation violates the Fourteenth Amendment of the United States Constitution.

42.     The resulting discrimination and dilution in the voting power of each resident not attending the HCPSS is also demonstrable mathematically. Despite only comprising twenty percent of Howard County population, HCPSS students are afforded representation by 50 percent of the Howard County Board of Education. Yet, similarly situated residents who are not HCPSS students are represented by only 37.5 percent of the board.

43.     When the votes of HCPSS students are given more weight than the votes of other residents, the voting rights of the politically disfavored are diluted in violation of the Fourteenth Amendment. The Defendant has given the votes of HCPSS students more value and weight to the detriment of all other Howard County residents. The weight of a citizen's vote cannot be made to depend on whether he or she is a HCPSS student without violating the Fourteenth Amendment.

**Eighteen Year Old HCPSS Students Enjoy More Votes than Other Eighteen Year Olds**

44.     Eighteen year old HCPSS students are eligible to vote for two adult at-large and one adult District Member of the Board of Education in Howard County.

45.     Eighteen year old, HCPSS students below 12th grade are also eligible to vote for the Student Member.

46.     Eighteen-year-old residents of Howard County who do not attend HCPSS are prevented from voting for the Student Member.

47.     This results in the opportunity to elect four Members of the Board of Education by eighteen-year-old HCPSS students below 12th grade. Yet all other eighteen-year-old eligible residents of the County who do not attend HCPSS are limited to electing three Members.

**<u>Student Member Election Procedures Are Contrary to State Election Statutes</u>**

48.     Defendants have shielded the election procedures for the Student Member from compliance with any of the State's election procedures designed to protect the integrity of its elections. Defendants administer an election system for one member of the Board while the remaining seven members of the Board are elected through entirely different and less rigorous procedures thus violating the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

49.     Maryland law governs the election procedures for the remaining seven members of the Board. *See* Md. Code Ann., Educ. Titles 1-16. These procedures – such as registration, government administered secret ballots, polling place notices under the Help America Vote Act of 2002, deadlines to certify, observer rights and a myriad of other standard procedures and safeguards that characterize Maryland elections – are not present in student elections for the student member of the Board. Instead, procedures used to elect the Student Member more closely resemble the procedures used in the student council election of the fictional Tracy Flick in the motion picture film Election than they do regular Maryland elections conducted under Maryland code. ELECTION (Paramount Pictures 1999).  *See e.g., Election Movie CLIP – All Over for*

*McAllister*, YOUTUBE (Oct. 9, 2011),

https://www.youtube.com/watch?v=wPSEC3PpLuM&list=PLZbXA4lyCtqqqsve4EGw59lt405m

ZpiaD&index=8 (last visited Mar. 10, 2021).

50.     Except for issues on which the Student Member is statutorily barred from voting,

there is no discernible difference in the voting powers of the eight board Members. Yet the

election procedures to elect the Student Member differ completely from the procedures used to

elect all the other Board members even though the powers are virtually identical. Two entirely

different standards for electing individuals to the same government body – one standard in

compliance with the election procedures of Maryland code and the other standard more closely

resembling a student council election – violates the Equal Protection Clause of the Fourteenth

Amendment.

### County Employees Control Nomination Process of an Elected Official

51.     The Student Member is selected pursuant to a nomination and election process

approved by Defendant Board and overseen and controlled by the Superintendent and various

administrators and other full-time employees of Defendant Board. Md. Code Ann., Educ. §§ 3-

701(f)(3)(i). The seven adult members of the Board are nominated through an alternative

statutory framework provided by Maryland law. Regular election procedures of Maryland offices

require the holding of a primary and giving Howard County voters a voice in which candidate

qualifies.

52.     Adult Howard County voters are not given a voice – with rare exception - in the

nomination process of the Student Member. Rather, 32 middle and high school principals play an

outsized role in selection of the Student Member of the Board. The school employees act as the

nominating body and staff of the Student Convention that winnows the nominee list to two

finalists and oversee the campaigns of each candidate. The Superintendent plays an outsize role, not only overseeing the election process but "Policy 2010" gives him a continuing duty to give "assistance, support and guidance" to the Student Member in the execution of the Student Member's duties, further aggravating the constitutional infirmity of the Student Member election.

53.     There is no requirement that members of this select group be residents of Howard County. Recognizing a potential conflict of interest, Maryland law prevents an employee of HCPSS from simultaneously serving on the Board. Md. Code Ann., Educ. § 3-114(g). Yet Md. Code Ann., Educ. § 3-701(f)(3)(i) allows a school Board employee to control every aspect of determining who obtains the nomination for the Student Member seat, essentially giving HCPSS a seat on a Board elected by taxpayers to oversee their operation and budget. Other county employees are delegated power and responsibility over an individual serving on a governmental body with legislative and policy powers in a way that does not affect or touch upon the other seven members of the Board. Thus, the Fourteenth Amendment is further violated by the establishment of these dilutive and unequal powers over an elected official on the Board in comparison with the other seven members of the Board.

## COUNT II

### Malapportionment of Political Power on Board Violates Fourteenth Amendment

54.     Plaintiffs reallege the preceding paragraphs as if fully stated herein.

55.     The fundamental principle of representative government in this country is one of equal representation for equal numbers of people, without regard to race, sex, economic status, place of residence or status as a student attending HCPSS. The United States Constitution imposes one ground rule for the development of arrangements of local government: a

requirement that units with general governmental powers over an entire geographic area cannot be apportioned unequally.

56.     There are three members of the Howard County Board of Education elected at-large without regard to districts; two adult members and the Student Member.

57.     According to the 2010 Census data, the two adult members elected at large represent approximately 300,000 residents. The student member represents approximately 60,000 students.

58.     This malapportionment results in the dilution of the votes of all non-HCPSS residents in Howard County. Each representative must represent an equal number of people and each voter has a right to participate equally in the selection of representatives.

59.     Diluting the efficacy of non-HCPSS resident votes by malapportionment violates the Equal Protection Clause of the Fourteenth Amendment.

## COUNT III

### Section 1983 Violation of First Amendment

**Religious Test for Electing Government Officials Violates Free Exercise Clause by Denying the Right to Vote to Howard County's Religiously Schooled Students**

60.     Plaintiffs reallege the preceding paragraphs as if fully stated herein.

61.     The Free Exercise Clause protects against laws that penalize religious activity by denying any person an equal share of the rights, benefits, and privileges enjoyed by other citizens.

62.     Md. Code Ann., Educ. § 3-701 denies the right to vote to students in Catholic schools, other religious schools, and those who are homeschooled for religious purposes, including Plaintiff J.K. They are prohibited from participating in the election of the Student Member on the Howard County Board of Education.

14

63.     The Free Exercise Clause protects against laws that penalize religious activity by denying any person an equal share of the rights, benefits, and privileges enjoyed by other citizens, particularly in the allocation of political power.

64.     Students in Catholic and religious schools are affected by decisions of the Board relating to education, such as the transportation of Catholic school students on school busses operated by the Board.  *See e.g.,* Lan Nguyen, *Free Bus Service May End for Parochial Students*, THE BALTIMORE SUN, Feb. 13, 1995 ("At issue is free bus transportation for about 650 students who attend five Catholic schools in the county.").

65.     Defendants have injured students in Catholic and other religious schools in Howard County, as well as students homeschooled for, in part religious reasons, by restricting their right to vote for the Student Member or to be elected as Student Member solely because they attend a religious school or are homeschooled for religious reasons, in violation of the Free Exercise clause of the First Amendment.

66.     In sum, if instead of the challenged procedures here, only students in Catholic schools were given power to elect one Board member, the Constitutional violations would be obvious, and are no different in kind or degree as the Constitutional violations here.  A scheme which allocates political power to a favored religious class, and in a malapportioned way, is as Constitutionally impermissible as a scheme which *denies* political power to an excluded religious class, and in such a malapportioned way.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment:

1.     A declaration that the Board has violated 42 U.S.C. § 1983;

2.      A declaration that the Board allowing procedures leading to the seating of a student Board member pursuant to Md. Code, Ed. Art. §3-701 violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution (U.S. CONST., Amend, 14);

3.      A declaration that the Board allowing procedures leading to the seating of a student Board member pursuant to Md. Code, ed. Art §3-701 violates the Free Exercise clause of the First Amendment of the United States Constitution (U.S. CONST., Amend, 1)

4.      Ordering the Defendants to pay Plaintiffs' reasonable attorneys' fees, including litigation expenses and costs, as authorized by all relevant statutes, and

5.      Granting Plaintiffs further relief that this Court deems just and proper.

Respectfully submitted,

THE SMITH APPELLATE LAW FIRM

/s/ Michael F. Smith
Michael F. Smith
Federal Bar No. 29941
1717 Pennsylvania Avenue N.W., Suite 1025
Washington, D.C.  20006
(202) 454-2860 (direct dial)
(202) 747-5630 (fax)
smith@smithpllc.com

J. Christian Adams* (Virginia Bar No. 42543)
Public Interest Legal Foundation, Inc.
1555 King St., Ste. 200
Alexandria, VA 22314
Tel: (317) 203-5599
adams@PublicInterestLegal.org

Maureen S. Riordan* (New York Bar No. 2058840)
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
mriordan@PublicInterestLegal.org
* *Motion for admission pro hac vice forthcoming*
**Attorneys for Plaintiffs**

Dated: March 16, 2021