IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| LISA M.F. KIM, et al., | * | |
| Plaintiffs, | * | Case No. 1:21-cv-655-DKC |
| | | Hon. Deborah K. Chasanow |
| v. | * | |
| BOARD OF EDUCATION OF HOWARD COUNTY, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

### I.   INTRODUCTION

Maryland law provides for the election of a Student Member to the Howard County Board of Education by students in grades 6-11 who attend the Howard County Public School System. Md. Code Ann., Educ. § 3-701. The Student Member, a junior or senior in one of Defendant's high schools, has full voting power on the Board, with limited exceptions. Named Plaintiffs Lisa M.F. Kim and William F. Holland are registered voters in Howard County; Plaintiff J.K., represented by Plaintiff Lisa M.F. Kim as his Next Friend and Parent, is a student in grade 6 at a Catholic school in Howard County. All Plaintiffs are in malapportioned school board districts and also are prevented from voting for the Student Member.

Plaintiffs seek to maintain this class pursuant to Federal Rule of Civil Procedure 23(b)(2) for the purposes of determining whether the Defendant, a

political subdivision of the State of Maryland, violated the Fourteenth and First Amendment rights of the Plaintiffs and class members similarly situated. Plaintiffs make this motion for class certification pursuant to Fed. R. Civ. P. 23(c)(1), certifying this action as a class action on behalf of all persons in Howard County who are in malapportioned school-board districts and who are prevented from voting for the Student Member of Defendant Howard County Board of Education because they are not students in the Howard County Public School System in grades 6-11.

## II.   STATEMENT OF FACTS

The proposed class consists of all persons in Howard County who are in malapportioned school-board districts and who are prevented from voting for the Student Member of Defendant Howard County Board of Education because they are not students in the Howard County Public Schools System in grades 6-11.  The Fed. R. Civ. P. 23(a) requirements of numerosity, commonality, and typicality are met unambiguously by this class, and Plaintiffs would more than adequately represent it. Because Defendant has acted on statutory grounds that apply not just generally, but exactly and uniformly, to all members of this class, and because the declaratory relief that Plaintiffs seek is appropriate to the class as a whole, this is a paradigmatic instance of a class that should be certified pursuant to Fed. R. Civ. P. 23(b)(2).

II.     **ARGUMENT/ANALYSIS**

A lawsuit may be certified as a class action if it meets all the requirements of Fed. R. Civ. P. 23(a), and one of the requirements of Rule 23(b).  A court's class certification analysis must be "rigorous." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (internal quotation marks omitted). Here, the prerequisites of Rule 23(a) and Rule 23(b)(2) are met.

   A.    **Fed. R. Civ. P. 23(a)'s requirements are met by this action.**

Fed. R. Civ. P. 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if:
>
> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Each of these elements – numerosity, commonality, typicality, and adequacy of representation – is met here.

   1.    **The class is numerous.**

Rule 23(a)(1) requires the class be so numerous that joinder of all members is "impracticable." This is unquestionably true in the instant case. According to the 2010 U.S. Census, the most recent available, Howard County has a population of 287,075. Complaint, ¶ 30.  Of the total population, approximately 58,868 of those residents attend Howard County Public Schools, with the subset of that group attending grades 6-11 not eligible for class membership.  *Id.*  That results in a

3

potential plaintiff class of over 200,000 individuals. *See also* State Board of Elections, "Voter Registration Figures by District," available at https://elections.maryland.gov/press_room/2020_stats/Eligible%20Active%20Voters%20by%20County%20-%20PG20.pdf (accessed March 16, 2021) (Howard County had 226,634 registered voters as of Oct. 17, 2020).

Courts routinely certify much smaller classes than this. The Fourth Circuit has held that there is "[n]o specified number is needed to maintain a class action...." *Cypres v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967); *accord In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 337 (D. Md. 2012). "Classes of as few as 25 to 30 have been found to 'raise[] the presumption that joinder would be impracticable.'" *Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 770 (D. Md. 2012) (*quoting In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74, 78 (D. Md. 1991)). In general, "courts find classes of at least 40 members sufficiently large to satisfy the impracticability requirement." *In re Titanium Dioxide Antitrust Litig.,* 284 F.R.D. at 337 (*quoting Peoples v. Wendover Funding, Inc.*, 179 F. R.D. 492, 497 (D. Md. 1998)). Here, the class would most certainly exceed 200,000 members. *See also, Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 458 (D. Md. 2014) (discussing other factors that make joinder impossible.)

### 2. There are questions of law or fact common to the class.

Fed. R. Civ. P. 23(a)(2) requires only that there must be a question of law or fact common to the class. That element is also satisfied here.

One common question here is whether the Defendant, in denying Plaintiffs the right to vote for the Student Member, dilutes the votes of Howard County voters and the religious association rights of students in grades 6-12 who are being homeschooled or attending private schools for religious reasons. Another common question is the legal effect of the voting Student Member position on individuals who reside in a malapportioned single member district.  These questions are identical for each individual class member. *See, e.g.*, *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) ("A common question is one that can be resolved for each class member in a single hearing…[a] question is not common, by contrast, if its resolution 'turns on a consideration of the individual circumstances of each class member.'). The common issue for the class as a whole may also be litigated and resolved as one. *Wal-Mart*, 564 U.S. at 350 ("claims must depend upon a common contention" that "must be of such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.")  In this case, geographic residence or attendance at a religious school/homeschooling for a religious reason are the only defining attributes of class members.

      3.    **The claims of the Plaintiffs are typical of the claims of the class.**

The typicality requirement in the Fourth Circuit is exemplified by the notion that, "'as goes the claim of the named plaintiff, so go the claims of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (quoting *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998)). The class

representative "must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Broussard*, 155 F.3d at 338 (internal citations omitted). "[O]nly those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class." *Id.* at 340 (internal citations omitted).

Here, the named Plaintiffs and the other class members were all denied the right to vote based on whether they attend Howard County Public Schools in grades 6-11 and/or because they live in malapportioned single member district. The injuries to the named Plaintiffs are identical to the injuries of the class members.

### 4. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

The Fourth Circuit has recognized that "'class representatives' must 'be part of the same class and possess the same interest and suffer the same injury as the class members' and found that in [that] case the named plaintiffs satisfied these requirements, noting particularly that no 'potential conflict existed' among class members." *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 425 (4th Cir. 2003) (internal citations omitted); (c.f., *Broussard*, 155 F.3d at 337-38 (stating that "manifest conflicts of interest" among members of class precludes class certification). "Representation is adequate if: (1) the named plaintiff's interests are not opposed to those of other class members, and (2) the plaintiff's attorneys are qualified, experienced, and capable." *Boyd.*, 299 F.R.D. at 459 (citing *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 558 (D. Md. 2006)).

Here, there are no apparent conflicts of interest among Plaintiffs and the

class members; all have been denied their right to vote for a member of the Howard County Board of Education by Defendant's policies and state law. The interests of the named parties are in no way opposed to those of the other members of the class; to the contrary the share an identical interest in vindication of their Constitutional rights. In addition, Plaintiffs can prosecute this action on behalf of others. They have retained attorneys with experience in the area of civil rights voting law to bring the present action.

Plaintiffs' counsel J. Christian Adams has been a practicing attorney since 1994, and currently serves as President of the Public Interest Legal Foundation. He has served as General Counsel to the South Carolina Secretary of State and in the Voting Section of the United States Department of Justice. He is also a Commissioner on the United States Commission for Civil Rights and thus spends extensive time examining various matters related to civil rights.

Mr. Adams served as counsel in a successful class action alleging violations of the Fourteenth Amendment, Fifteenth Amendment and other federal civil rights laws in *Davis v. Guam*. *See Davis v. Guam*, 932 F.3d 822 (9th Cir. 2019), *cert. denied Guam v. Davis*, 140 S. Ct. 2739 (2020). During his service in the Voting Section at the Department of Justice, Mr. Adams brought a wide range of election cases including cases related to school board election plans violating the Voting Rights Act and other federal civil rights violations. *See, e.g.*, *United States v. Georgetown County School Board*, Case No.2:08-889 (D. S.C), *United States v. Ike Brown*, 494 F. Supp.2d 440 (S.D. Miss. 2007); *United States v. Post Independent*

*School District*, Case No. 5:07-cv-00146 (N.D. Tex.); *United States v. Seagraves ISD,* Case No. 5:07-cv-00147 (N.D. Tex.); *United States v. Smyer ISD*, Case No. 5:07-cv-00148 (N.D. Tex.); *United States v. City of Earth,* Case No. 5:07-cv-00144 (N.D. Tex.); *United States v. Littlefield ISD*, Case No. 5:07-cv-0145 (N.D. Tex.), among others.

In private practice he managed a collection of class certifications in multiple American jurisdictions examining the nature and commonality of the claims, the results of which were published at "They're Making a Federal Case Out of It…in State Court," 25 Harv. J.L. & Pub. Pol'y 143 (Fall 2001), in which he acquired familiarity with Rule 23.

Maureen Riordan has been practicing law since 1985. From 1985 through 2000 Ms. Riordan served as an Assistant District Attorney in Nassau County, New York where she prosecuted felony criminal cases, and specialized as the Bureau Chief of the Special Victims Bureau which focused on crimes against children, the elderly, and all sexual offenses.

In August 2000, Ms. Riordan joined the Voting Section in the Civil Rights Division at the Department of Justice as a Supervisory Attorney Reviewer specializing in the review of voting changes subject to Section 5 of the Voting Rights Act review by the Attorney General, which included the examination of state and local redistricting plans for malapportionment and other discriminatory violations.

During her 20-year tenure at the Department of Justice, Ms. Riordan was responsible for the enforcement of several voting statutes including the Voting

Rights Act, the National Voter Registration Act, the Help America Vote Act, and the Uniformed Overseas Citizens Absentee Voter Act. Prior to her retirement in 2021, Ms. Riordan served as Senior Counsel to the Attorney General for Civil Rights and was responsible for oversight of all Voting Section litigation. This Court has admitted both Mr. Adams and Ms. Riordan *pro hac vice*.  ECF 4, ECF 5.

Michael F. Smith has been practicing law since 1995, and is a member of the Bar of this Court and others. He has experience in civil rights, constitutional and class-action litigation at both the trial-court and appellate levels. In another civil-rights case, this Court previously noted Mr. Smith is an "experienced, effective attorney" who "merit[ed] high marks" and helped achieve "an excellent result" for his client. *Blake v. Baltimore County*, 12 F. Supp. 3d 771, 776 (D. Md. 2012) (Legg, J.).

### B.   The requirements of Fed. R. Civ. P. 23(b)(2) also are met.

Federal Rule of Civil Procedure 23(b)(2) provides that "[a] class action may be maintained if Rule 23(a) is satisfied and if…(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360.

Indeed, "'[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of what (b)(2) is meant to capture." *Id.* at

9

361 (internal quotations omitted). For this reason, this case presents a paradigmatic example of a lawsuit appropriate for (b)(2) certification. *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014) ("'[t]he key to the (b)(2) class is the indivisible nature of the . . . remedy warranted.'") (*quoting Wal-Mart*, 564 U.S. at 360 (internal quotation marks omitted)). Courts have found Equal Protection claims arising from voting rights violations in connection with redistricting plans and activities appropriate for certification under Rule 23(b)(2). 7A Wright & Miller, Fed. Prac. & Proc. Civ. § 1776.1 (3d ed.), citing *Ramos v. Illinois*, 781 F. Supp. 1353 (N.D. Ill. 1991) (class of all Chicago citizens alleging Equal Protection violation from delays in redistricting due to population shifts); *Newman v. Hunt*, 787 F. Supp. 193 (D. Ala. 1992) (countywide class of African-American voters).

  C. **The Court may forgo notice.**

Where a class meets the requirements of Fed. R. Civ. P. 23(b)(1) or (b)(2) the Court may rely on its discretion as to whether to order notice under Rule 23(d)(2), since notice "may not be as important because the class typically will be more cohesive…." 7B Wright & Miller, *supra*, § 1793. "To the degree that there is cohesiveness or unity in the class and the representation is effective, the need for notice to the class will tend toward a minimum.'" *Id.* (cleaned up), citing Advisory Committee Note to the 1966 Amendment of Rule 23. Both conditions exist here: the class consists of hundreds of thousands of Howard County voters with the exact same interest in having their constitutional rights vindicated. And representation of

10

them by both plaintiffs and counsel will be effective. The Court may forgo the approval and sending of notices.

## III.   CONCLUSION/RELIEF REQUESTED

For the foregoing reasons, Plaintiffs request that the Court certify a class consisting of all persons in Howard County who are in malapportioned school-board districts and who are prevented from voting for the Student Member of Defendant Howard County Board of Education because they are not students in the Howard County Public Schools System in grades 6-11.

Respectfully submitted,

THE SMITH APPELLATE LAW FIRM

/s/ Michael F. Smith
Michael F. Smith
Federal Bar No. 29941
1717 Pennsylvania Avenue N.W., Suite 1025
Washington, D.C.  20006
(202) 454-2860 (direct dial)
(202) 747-5630 (fax)
smith@smithpllc.com

J. Christian Adams* (Virginia Bar No. 42543)
Public Interest Legal Foundation, Inc.
1555 King St., Ste. 200
Alexandria, VA 22314
Tel: (317) 203-5599
adams@PublicInterestLegal.org

Maureen S. Riordan* (New York Bar No. 2058840)
Public Interest Legal Foundation, Inc.
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
mriordan@PublicInterestLegal.org
* Admitted *pro hac vice*

Dated: March 16, 2021          **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I, Michael F. Smith, co-counsel for Plaintiffs, certify that on March 16, 2021, I emailed a copy of the foregoing paper to Mark Blom, Esq., General Counsel of Defendant, via email, pursuant to his agreement to accept email service at mark_blum@hcpss.org.

By: /s/ Michael F. Smith<br>Michael F. Smith

Dated: March 16, 2021