UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **LISA M.F. KIM, et al.,** | : | |
| *Plaintiffs*, | : | |
| | : | |
| vs. | : | Case No. 1:21-cv-655-DKC |
| | : | |
| **BOARD OF EDUCATION OF** | : | |
| **HOWARD COUNTY,** | : | |
| *Defendant*. | : | |
| | : | |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Named Plaintiffs Lisa Kim and William Howard, two adult residents of

Howard County, and Kim's son, J.K., allege that § 3-701(f) of the Maryland

Education Article violates the Fourteenth Amendment's Equal Protection Clause by

allowing only students enrolled in Howard County Public School System (HCPSS)

schools to participate in selecting the Student Member of the Board of Education of

Howard County.   Compl. ¶¶ 36–43, 54–59.   Plaintiffs Kim and J.K. also allege that

the statute violates the First Amendment's Free Exercise Clause by precluding

students like J.K. who attend private religious schools (or others who are educated at

home for religious reasons) from participating in the selection of the Student

Member.   Although the only relief that Plaintiffs seek is a declaration that § 3-701(f)

is unconstitutional in all of its applications, they move to certify a class under Rule

23(b)(2) of the Federal Rules of Civil Procedure.   The proposed class would encompass "all persons in Howard County . . . who are prevented from voting for the Student Member of Defendant Howard County Board of Education because they are not students in the Howard County Public Schools System in grades 6-11."   Mot. Class Cert. ("Mot.") 2, ECF No. 6.   The Board opposes Plaintiffs' motion because: (1) class certification is unnecessary and would be waste of resources in light of the type of relief sought; and (2) Plaintiffs' proposed class definition is overinclusive.

## I.   Certification of a class under Rule 23(b)(2) is unnecessary.

Rule 23(a) provides that a class must meet the perquisites of numerosity, commonality, typicality, and adequacy before a class can be certified.   Fed. R. Civ. P. 23(a); *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982).   Assuming those prerequisites are met, the Court "may" certify a class if, as relevant to Plaintiffs' motion, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."   Fed. R. Civ. P. 23(b)(2).   As the text of Rule 23(b) suggests, "district courts have broad discretion in deciding whether to certify a class."   *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 757–58 (4th Cir. 1998) (noting that Rule 23(b) states that "an action 'may' be maintained as a class action if the listed requirements are met," not 'must'"), *vacated on other grounds*, 527 U.S. 1031 (1999); *see also Adams v. Henderson*, 197 F.R.D. 162, 169 (D. Md. 2000).

Numerous courts, including the Fourth Circuit, have held that courts may

exercise their discretion under Rule 23(b) to deny class certification where it is "unnecessary," because, as here, the requested relief would benefit the entire proposed class whether or not a class is certified.   *Sandford v. R. L. Coleman Realty Co., Inc.*, 573 F.2d 173, 178 (4th Cir. 1978); *see also Harris v. Rainey*, 299 F.R.D. 486, 492–93 (W.D. Va. 2014) (holding that necessity is not required for class certification under Rule 23(b)(2), but that "denial of certification under such circumstances is not an abuse of discretion"); *Mills v. District of Columbia*, 266 F.R.D. 20, 22 (D.D.C. 2010) (noting that lack of a "need for class certification" is a "[]common" basis for courts to exercise their discretion to deny class certification even when the Rule 23(a) factors are met).

In *Sandford*, the Fourth Circuit affirmed a district court's denial of class certification in a case in which the plaintiffs sought injunctive relief against a realtor for engaging in housing discrimination in violation of the Civil Rights Act of 1866 and the Fair Housing Act of 1968.   573 F.2d at 175, 179.   The court was "of [the] opinion that the facts [of the case] present[ed] a sufficiently clear and flagrant case of racial discrimination."   *Id.* at 179.   Nevertheless, the court held that certification of a class was "unnecessary" because "the plaintiffs could receive the same injunctive relief in their individual action as they sought by the filing of their proposed class action." *Id.* at 178 (citing 7 Wright & Miller, *Federal Practice and Procedure*, § 1771 (1962)). Accordingly, the Fourth Circuit remanded the case to the district court "for the entry of such injunctive relief in favor of the [named] plaintiff . . . and any other blacks who,

in the future, may be denied equal access to housing under the defendant's control," relief that would make "any need for class certification disappear[]." *Id.* at 179.

Plaintiffs in this case, like those in *Sandford*, seek relief that, if granted, would redound to all members of the proposed class regardless of whether a class is certified. The only relief that Plaintiffs seek is a declaration that § 3-701(f) facially violates the Fourteenth Amendment's Equal Protection Clause and the First Amendment's Free Exercise Clause (and therefore 42 U.S.C. § 1983 as well). Compl. 15–16 (Prayer for Relief). Like the injunctive relief sought in *Sandford*, granting the declaratory relief that Plaintiffs request would benefit all members of the proposed class whether or not a class is certified. Accordingly, certification of a class is "unnecessary." *Sandford*, 573 F.2d at 178; *see also Casale v. Kelly*, 257 F.R.D. 396, 406–07 (S.D.N.Y. 2009) (stating that "denial of class certification is more appropriate where," as here, "the relief sought is merely a declaration that a statute or policy is unconstitutional" as opposed to cases "where plaintiffs seek more complex, affirmative relief").

Because class certification is unnecessary, Plaintiffs' motion should be denied. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given the lack of necessity, certifying a class would needlessly complexify this case and waste judicial resources. *See Adair v. EQT Prod. Co.*, 320 F.R.D. 379 (W.D. Va. 2017) (noting the

"waste of time and resources" that unnecessary class certification entails).   This Court

should therefore exercise its discretion under Rule 23(b) to decline to certify a class.

## II.    Plaintiffs' Proposed Class Definition Is Overinclusive.

Even if this Court were to certify a class here—despite the lack of necessity for

one—the class definition that Plaintiffs have proposed would be overinclusive.   The

proposed class of "all persons in Howard County . . . who are prevented from voting

for the Student Member of Defendant Howard County Board of Education because

they are not students in the Howard County Public Schools System in grades 6-11"

includes students in pre-K through 5th grade, as well as children who are too young

to attend school.   *See* Mot. 3 (stating that the class encompasses all Howard County

residents besides the subset of the 58,868 HCPSS students who are not in grades 6

through 11).   Such individuals would be ineligible to participate in the selecting the

Student Member even if Plaintiffs were to obtain declaratory relief.   In addition, the

proposed class definition includes Howard County residents who attend secular

private schools and those who are educated at home for secular reasons, individuals

who cannot object to § 3-701(f) on religious grounds.   *See id.*

Plaintiffs define the class with more particularity in the Complaint than in their

Motion.   The Complaint describes the proposed class as encompassing (1) "all

registered voters in Howard County" and (2) individuals "who are eligible to attend

grades 6 to 12 in [the] Howard County [Public School System] but instead attend

religious schools or are homeschooled, in some part, for religious purposes."   Compl.

5

¶ 32.   That definition gets closer to the mark except that 12th graders who attend HCPSS schools are ineligible to participate in selecting the Student Member.   Md. Code, Educ. § 3-701(f)(3)(iii).   The second component of the class definition provided in the Complaint should therefore be limited to individuals who are eligible to attend grades 6 through *11* at HCPSS schools.

## CONCLUSION

For all of the foregoing reasons, the Board respectfully requests that this Court exercise its discretion under Rule 23(b) to deny Named Plaintiffs' motion for class certification.   Alternatively, the Board respectfully requests that the Court certify a class that encompasses: (1) all registered voters in Howard County; and (2) Howard County residents who are eligible to attend grades 6 through 11 at HCPSS schools but instead attend private religious schools or are educated at home for religious reasons.

Dated: April 27, 2021

/s/ *Jonathan L. Backer*
JONATHAN L. BACKER   (D. Md. No. 20000)
NICOLAS Y. RILEY   (D. Md. No. 810809)*
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, DC 20001
nr537@georgetown.edu
jb2845@georgetown.edu
Tel: (202) 662-9042

* *Admitted pro hac vice.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2021, I electronically filed the foregoing with the Clerk of the U.S. District Court for the District of Maryland by using the CM/ECF system.  Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ Jonathan L. Backer
JONATHAN L. BACKER   (D. Md. No. 20000)
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, DC 20001
jb2845@georgetown.edu

*Attorney for Defendant*